Marvin, J.
One of the mnicipal corporations of Cuyahoga county is the hamlet of Newburgh, which is situated chiefly in the township of Newburgh but partly in the township of Independence,
On the 7th day of December, 1896, the Trustees of this hamlet passed a resolution directing the filing of a petition with the commissioners of the county praying that so much of said township of Independance as is within the boundaries of the hamlet,be annexed to the township of Newburgh.
In pursuance of this resolution such petition was filed on the 31st day of March, 1897. Notice of such filing was given by the commissioners, and a protest against such annexation was thereafter filed with them.'
The matter came up for hearing on the 9th day of June, 1897, when said petition was dismissed, the commissioners holding that they were without jurisdiction to act upon the petition.
A petition in error was thereafter filed in the court of common pleas seeking to reverse this action of the commissioners, and, on hearing, that court made its order reversing the judgment of the commissioners,and remanding the case to them for further action.
The case comes to this court upon a petition in error seeking to reverse the judgment of the court of common pleas.
It is conceded by counsel for plaintiff that if the trustees cf the hamlet are authorized by law to direct the filing of a petition with the commissioners for the purpose for which this petition was filed, then everything required by law was done.
*80 Unless authority for such action is found in sec. 1380 of the Revised Statutes, no such authority exists. Said statute reads:
“If the limits of a municipal corporation * * * include territory lying in more than one township, and the council of such corporation shall * * * by vote of a majority of the members thereof, petition the commissioners of the proper county for a change of township lines so as to make them identical, in whole or in part, with the limits of the corporation, such board of county commissioners may, on presentation of such petition with the proceedings of the council duly authenticated, at any regular or adjourned session, change the boundaries of the township' or townships accordingly.”
It will be observed that the only body named in this section as authorized to act for the corporation is the “council”, so that unless that word in this section is held to include the trustees of a hamlet, the authority for such action is not found in this section.
The question, therefore, is, whether the word “council”,, as here used, does include the trustees of a hamlet.
That a hamlet is a municipal corporation, is fixed in the classification of municipal corporations, section 1546 of the Revised Statutes. Section 1648 provides that the trustees of a hamlet shall have the control of the hamlet — that they constitute the legislative body. A hamlet has no council j That the legislature have overlooked the distinction between the municipal corporations having a council and those not having a council, in more than one instance, is manifest by referring to the statutes.
Section 3438, which is a section in reference to the right to construct street railroads, reads:
“The right so to construct or extend such railway within or beyond the limits of a municipal corporation can be granted only by the council thereof, by ordinance.”
Section 1651 provides that the board of trustees of the *81 hamlet shall have exclusive jurisdiction over the streets and alleys of such municipality.
Section 2501 provides that nothing shall be done toward the construction of a street railroad in the streets of a municipal corporation until consent of the council of such corporation is obtained.
Keeping in mind the fact that the trustees have exclusive jurisdiction of the streets and alleys of the hamlet, it seems clear that they constitute a body which must act for the municipality, under the provisions both of section 3438 and of section 2501; and.this court in a recent case, viz., The Hamlet of Newburgh v. The Akron, Bedford and Cleveland Railroad Company, held, that the consent for the construction of such railroad along the streets in the hamlet of Newburgh must be obtained from the board of trustees of such hamlet; that board having, as already noted, exclusive ■control of the streets and alleys.
On the 21st day of May, 1894, the legislature passed an act, found in 91 Ohio Laws, page 397,providing for the use of electricity as a motive power in the propulsion of cars on railroads, and in this act it is provided that:
“Before any poles rand wires shall be constructed through or along the streets, alleys or public grounds of any municipal corporation, plans of such construction shall be submitted and approved by the municipal council of such corporation.”
It is clear that if the holding of this court in the case hereinbefore noted was correct,the word “council,” as used in this section,must include the trustees of the hamlet.
Section 1619, read in connection with section 1617 of the Revised Statutes,makes it manifest that the word “council, ” as used in section 1619, must include the trustees of a hamlet. The chapter is devoted to the advancement or reduction in grade, of municipal corporations. Section 1617 leads in part:
“To. ascerfain what cities of the second class are entitled *82 to become cities of th.e first class, what villages are entitled to become cities, and their proper class; and what hamlets are entitled to become villages,” etc.
Now,the way in which they may be changed, as provided in section 1619, is:
‘‘When the statement has been published, the council of any corporation which, according to such statement, shall have the required population to be advanced to a corporation of a higher class or grade, shall have the power at any time by ordinance passed for such purpose, to submit to the voters of the corporation the question whether such corporation shall be advanced.”
Now remembering that in section 1617, one of the municipal corporations, for the advancement of which ■ provision is made, is" a hamlet,and that in section 1619 the body which shall pass the resolution is the council of such municipal corporation, it is clear that sec. 1619, when it uses the word council, means the legislative body, and includes the trustees.
Again, in sec. 2835 of the Revised Statutes, as found in Smith & Benedict, the statute before the last amendment, this language is used:
‘‘Whenever it is desired by the voters of a township or municipal corporation” to do certain things which are enumerated there, ‘‘the trustees of the township or the council of the municipal corporation may issue and sell their bonds. ”
Provision is here made for townships and for municipal corporations to issue and sell bonds for certain purposes, and the provision is that the trustees of the township and the council of the municipal corporation shall do certain things in order to accomplish it. Section 2836 throws, as we think, some light upon this: ‘‘For the payment of bonds issued under the preceding section, the township trustees or municipal council shall levy a tax.” Now, taking sec. 2836 in connection with sec. 2885 as *83 amended in the 90th vol. of the Ohio Laws, at page 229,. and the proposition that the legislature has not kept clearly in mind the fact that a hamlet is a municipal corporation,, and that the legislative body is not a council, is very manifest.
The amended section 2885 reads: “The trustees of any township or hamlet, or the council of any municipal corporation may issue bonds. ’ ’“Now, the legislature clearly overlooked the fact in this amendment that a hamlet was a municipal corporation at all. It is manifest that they undertook im sec. 2835 to provide that these bonds might be. issued by the townships, hamlets and other municipal corporations, yet, the only way of providing for the payment of such bonds is found in sec. 2836, which speaks of the township trustees and the council of municipal corporations.
That disposes, as we think, of the question that the legislature may have meant to include hamlets among the municipal corporations which could seek the annexation to the township in which it was chiefly situated, of such parts of other townships as contain some part of the hamlet. In short, the fact that the word “council” is used, does not necessarily indicate that it must be only such municipal corporation as has a council. The only way to give effect to all of the language of sec. 1380 is, to hold that the word “council” includes trustees of a hamlet, as it does in the other statutes to which attention has been called. And to so hold, as we think, results in carrying out the clear intention of the legislature. That intent was doubtless to do away with the inconvenience of having those residing in different parts of the same municipal corporation, residing at the same time, in different townships, often necessitating the providing of separate ballots and boxes to be used at the same polls for the voters of the several townships, the exercise of jurisdiction by justices of peace,and of authority by other officers of the several townships in different parts of the same municipality, and other inconveniences. *84 Judge Ranney says in bis opinion in the case of The State v. Blake, 2nd Ohio St. 152:
Carpenter & Young for Plaintiff in Error.
M. W. Cope, for Defendant in Error.
“It is a settled rule of construction that the intention of the law-maker is to be deduced from a view of the whole, and every part of the enactment, taken and compared together. He must be presumed to have intended to be consistent with himself throughout, and at the same time to have intended effect to be given to each and every part of the law. And from this it results that general language, found in one part, is to be modified and restricted in its application, when it would otherwise conflict with specific provisions found in another, and this from the reasonable and almost irresistible conclusion, that when the mind is directed to any particular subject, the language used is more likely to express the intention than the general words which might otherwise cover it, but from which it does not appear that the particular case was intended to be provided for * * *
We, therefore, hold that the court of common pleas was right, and the judgment is affirmed.